UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.____

CINTIA MARCOLINO

    *Plaintiff,*

v.

SWEET HOME MOBILE HOME LLC,
SANTOS MOBILE HOME USA, and
COUNTRY LAKES II MOBILE
HOME PARK HOMEOWNERS
ASSOCIATION, INC.

    *Defendants.*
_____/

## COMPLAINT

Plaintiff, CINTIA MARCOLINO, by and through her undersigned counsel, sues Defendants, SWEET HOME MOBILE HOME LLC, SANTOS MOBILE HOME USA, and COUNTRY LAKES II MOBILE HOME PARK HOMEOWNERS ASSOCIATION, INC. (collectively "Defendants") and in support thereof states as follows:

## COMMON ALLEGATIONS

*A. Parties, Jurisdiction and Venue*

1.    Jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 3613 and 28 U.S.C. § 1331. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are so related to Plaintiff's federal law claims herein over which this court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.



2. Venue is proper under 28 U.S.C. § 3613 in that the events giving rise to the claims alleged herein occurred in Broward County, Florida.

3. Plaintiff, CINTIA MARCOLINO ("Plaintiff" or "Cintia"), is an individual domiciled in Broward County, Florida and is otherwise *sui juris*.

4. Under belief and information, Defendant, SANTOS MOBILE HOME USA ("Santos Mobile Home"), is not a registered corporate entity but a name used by Jose Mauricio Dos Santos for his business.

5. Defendant, SWEET HOME MOBILE HOME LLC ("Sweet Home Mobile"), is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business in Coral Springs, Florida. Sweet Home Mobile is Santos Mobile Home's broker and is otherwise *sui juris*.

6. Defendant, COUNTRY LAKES II MOBILE HOME PARK HOMEOWNERS ASSOCIATION, INC. ("Association"), is a Florida not for profit corporation with its principal place of business in Palmetto, Florida.

7. Jose Mauricio Dos Santos ("Jose"), is the owner of Santos Mobile Home and agent of Sweet Home Mobile.

8. Ana Dos Santos ("Ana"), is Jose's daughter and Sweet Home Mobile's authorized manager and owner.

9. This is an action for monetary and declaratory relief against the Association for discriminating against Plaintiff on the basis of race or color in the rental of housing in violation of the federal Fair Housing Act, the federal Civil Rights Act of 1866, the Florida Fair Housing Act, and related laws, as well as state law claims relating to Sweet Home Mobile's and Santos Mobile's retention of a deposit made by Plaintiff in furtherance of seeking approval by the Association.

BARAKAT LAW

2701 Ponce de Leon Blvd. Suite 202, Coral Gables, FL 33134 • Tel: 305-444-3114 • service@triallawmiami.com

### B. Background

10. On or around June 3, 2019, Cintia contacted Jose, acting on behalf of Santos Mobile Home and Sweet Home Mobile, for the purchase of a mobile home located at 6800 NW 39th Avenue, Lot 487, Coconut Creek, Florida 33075 (the "Mobile Home").

11. Jose then requested that Plaintiff make a $5,000.00 down payment on a mobile home so that Plaintiff could apply to the Condominium Association.

12. Jose told Plaintiff that if the Association denied her application, Plaintiff's $5,000.00 deposit would be refunded to her.

13. On June 3, 2019, pursuant to Jose's request and promise to refund the deposit, Plaintiff executed an Escrow Deposit Receipt ("Escrow Agreement") and provided Jose with a check for $5,000.00. A true and correct copy of the Escrow Agreement is attached hereto as Exhibit A.

14. On or around June 3, 2019, Plaintiff went with Jose to the Association to apply for approval to purchase the Mobile Home.

15. The Association manager told Jose and Plaintiff that it was preferable for Plaintiff to apply in her husband's name because Plaintiff does not have a social security number.

16. Plaintiff told the manager that her husband was travelling but that she would return with all of the necessary documents signed by her husband.

17. Shortly thereafter, Plaintiff obliged the Association's manager's requests and returned with the necessary documents and application signed by her husband.

18. However, this time, the manager demanded that the documents and application be signed in both the Plaintiff's and her husband's name—as opposed to just her husband's as was initially demanded.



19. Plaintiff faced further difficulties applying to the Association when Plaintiff told the manager that Plaintiff had two daughters.

20. Upon hearing this, the manager demanded Plaintiff submit yet another application despite Plaintiff informing the manager that Plaintiff's children would not live in Plaintiff's home.

21. At this point, Plaintiff began to question the Association's reasons for making the application process unreasonably arduous.

22. In dealing with Plaintiff, the Association's manager treated Plaintiff in a rude and offensive manner.

23. Distraught because of the way she was treated, Plaintiff asked Jose whether the Association accepts black tenants, to which Jose replied in the negative and further suggested that Plaintiff try applying again solely in Plaintiff's husband's name.

24. Plaintiff's third attempt to apply fared no better, as she was not given the opportunity to apply due to unreasonably arduous application standards.

25. During the pendency of Plaintiff's multiple attempts to apply to the Association, Jose deposited the $5,000.00 despite Plaintiff never obtaining approval from the Association.

26. Refusing to return the deposit, Jose explained that the Escrow Agreement was clear in that return of the deposit was contingent on the disapproval of the Association.

27. Jose further posited that because the Plaintiff technically did not apply, Santos Mobile Home had the right to keep the deposit and Sweet Mobile Home, as Santos Mobile Home's broker, would retain a portion as its commission.

28. Despite Plaintiff's repeated attempts to apply to the Association to no avail, Jose refuses to return Plaintiff's $5,000.00 deposit.

29. To date, Plaintiff has not received her deposit back.



## **COUNT I – VIOLATION OF FEDERAL FAIR HOUSING ACT**
## **(Association)**

30.   Plaintiff re-alleges the Common Allegations as if fully set forth herein.

31.   Plaintiff is a member of a protected class, to wit, an African American.

32.   Plaintiff applied for and was qualified to purchase the Mobile Home.

33.   Defendant Association has injured Plaintiff in violation of the Federal Fair Housing Act by committing, *inter alia*, one or more of the following discriminatory housing practices:

  a.   Refusing to sell a dwelling because of race or color, in violation of 42 U.S.C. § 3604(a);

  b.   Failing to accept or consider a bona fide offer because of race or color, in violation of 42 U.S.C. § 3604(a);

  c.   Discouraging a person from inspecting or purchasing an apartment unit because of race or color in violation of 42 U.S.C. § 3604(a);

  d.   Otherwise making unavailable or denying a dwelling based on discrimination because of race or color, in violation of 42 U.S.C. § 3604(a);

  e.   Discriminating against Plaintiff in the terms, conditions, or privileges of sale of the Mobile Home because of Plaintiff's race, color, and/or national origin;

  f.   Providing false or inaccurate information regarding the availability of a dwelling for sale to persons, including testers, regardless of whether such person is actually seeking housing, because of race or color in violation of 42 U.S.C. § 3604(d); and

  g.   Representing to persons because of their race or color that a dwelling is not available for inspection or sale when such dwelling is in fact available, in violation of 42 U.S.C. § 3604(d).



**WHEREFORE**, Plaintiff CINTIA MARCOLINO requests that this Court enter an Order against Defendant, COUNTRY LAKES II MOBILE HOME PARK HOME OWNERS ASSOCIATION, INC., declaring that it violated the Fair Housing Act of 1968, 42 U.S.C. §§ 3601, et seq., and awarding Plaintiff actual damages for violation of the Act pursuant to 42 U.S.C. § 3613(c)(1), punitive damages for violation of the Act pursuant to 42 U.S.C. § 3613(c)(1), an award of attorney's fees and costs pursuant to 42 U.S.C. § 3616(c)(2), and for such other relief as this Court deems proper and just.

### COUNT II – VIOLATION OF THE CIVIL RIGHTS ACT OF 1866
### (Association)

34. Plaintiff re-alleges the Common Allegations as if fully set forth herein.

35. Plaintiff is a member of a protected class, to wit, an African American.

36. Plaintiff applied for and was qualified to purchase the Mobile Home.

37. Defendant Association refused to sell the Mobile Home to Plaintiff because of the Plaintiff's race, and/or color.

38. Defendant injured Plaintiff in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982, by discriminating against Plaintiff in the sale of housing because of Plaintiff's race or color.

**WHEREFORE,** Plaintiff CINTIA MARCOLINO requests that this Court enter an Order against Defendant, COUNTRY LAKES II MOBILE HOME PARK HOME OWNERS ASSOCIATION, INC., declaring that it violated the Civil Rights Act of 1866, 42 U.S.C. § 1982, and awarding Plaintiff compensatory damages, as well as her costs and reasonable attorney's fees, and for such other relief as this court deems just and proper.



## **COUNT III – VIOLATION OF FLORIDA FAIR HOUSING ACT**
### **(Association)**

39. Plaintiff re-alleges the Common Allegations as if fully set forth herein.

40. Plaintiff is a member of a protected class, to wit, an African American.

41. Defendant Association has injured Plaintiff in violation of the Florida Fair Housing Act, Fla. Stat. § 760.23, by committing, *inter alia*, one or more of the following discriminatory housing practices:

    a. Refusing to sell a dwelling after the making of a bona fide offer by Plaintiff because of Plaintiff's race and/or color; and

    b. Otherwise making unavailable and denying a dwelling to Plaintiff because of Plaintiff's race and/or color.

42. As a proximate result of Defendant's discriminatory conduct, Plaintiff has suffered loss of an important housing opportunity, violations of her civil rights, humiliation, and physical and emotional distress.

43. A favorable decision by this Court will redress Plaintiff's injuries.

**WHEREFORE,** Plaintiff CINTIA MARCOLINO requests that this Court enter an Order against Defendant, COUNTRY LAKES II MOBILE HOME PARK HOMEOWNERS ASSOCIATION, INC., declaring that it violated the Florida Fair Housing Act, Fla. Stat. § 760.23, and awarding Plaintiff compensatory damages as well as any other relief that this Court deems proper and just.



## COUNT IV – BREACH OF CONTRACT
### (Sweet Home Mobile)

44. Plaintiff re-alleges the Common Allegations as if fully set forth herein

45. On June 3, 2019, Plaintiff entered into an Escrow Agreement with Sweet Home Mobile. *See* Exhibit A.

46. The terms of the Escrow Agreement provided that Plaintiff was to deposit $5,000.00 to be held in Escrow to be released to Sweet Home Mobile upon the Association's approval of Plaintiff's application.

47. The Escrow Agreement further provides that "[i]f buyer is not approved by association or bank, escrow money will be refunded to buyer in full within 2 business day [sic] of denial."

48. The Escrow Agreement was executed by Plaintiff and Jose acting as Sweet Home Mobile's agent.

49. During the pendency of Plaintiff's repeated attempts to seek approval from the Association, the deposit was released in Sweet Home Mobile's favor.

50. Plaintiff did not get approved by the Association.

51. Sweet Home Mobile has breached the Escrow Agreement by failing to refund Plaintiff her deposit after she failed to obtain the Association's approval.

52. To date, Plaintiff has not received her deposit back.

**WHEREFORE,** Plaintiff CINTIA MARCOLINO requests that this Court enter an Order against Defendant, SWEET HOME MOBILE HOME LLC, awarding Plaintiff damages as a result of Defendant's breach of the Escrow Agreement, as well as any other relief that this Court deems proper and just.



## COUNT V – CONVERSION
### (Sweet Home Mobile & Santos Mobile Home)

53. Plaintiff re-alleges the Common Allegations as if fully set forth herein

54. On June 3, 2019, Plaintiff entered into an Escrow Deposit Agreement with Santos Mobile Home.

55. The terms of the Escrow Deposit Agreement provided that Plaintiff was to deposit $5,000.00 to be held in Escrow to be released to Santos Mobile Home upon the Association's approval of Plaintiff's application.

56. During the pendency of Plaintiff's repeated attempts to seek approval from the Association, the deposit was released in Sweet Home Mobile's favor.

57. Plaintiff did not get approved by the Association.

58. Consequently, Plaintiff is immediately entitled to the return of her deposit.

59. By retaining the deposit that was supposed to be returned to Plaintiff upon Plaintiff's inability to get approved by the Association, Santos Mobile Home and Sweet Home Mobiles have deprived Plaintiff of her property permanently or for an indefinite time.

60. Plaintiff has demanded that Santos Mobile Home and Sweet Home Mobiles return her deposit.

61. To date, Plaintiff has not received her deposit back from Santos Mobile Home and Sweet Home Mobile.

**WHEREFORE,** Plaintiff CINTIA MARCOLINO requests that this Court enter an Order against Defendants, SWEET HOME MOBILE HOME LLC and SANTOS MOBILE HOME USA, awarding Plaintiff damages, fees and costs, as well as any other relief that this Court deems proper and just.



## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 3, 2020.

                Respectfully submitted,

                BARAKAT LAW, P.A.
                2701 PONCE DE LEON BLVD, SUITE 202
                CORAL GABLES, FLORIDA 33134
                TEL (305) 444-3114
                FAX (305) 444-3115

                BY: S/NORY M. ACOSTA-LOPEZ
                NORY M. ACOSTA-LOPEZ
                Florida Bar Number 20637
                nory@triallawmiami.com
                service@triallawmiami.com

